UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:02-CR-86 |
| v. | ) | *Collier* |
| | ) | |
| WILLIAM F. STAMPER, | ) | |
| *a.k.a.* "Blue" | ) | |
| | ) | |

## **M E M O R A N D U M**

Defendant William F. Stamper, a.k.a. "Blue" ("Defendant") has filed a *pro se* motion pursuant to Fed. R. Crim. P. 41(g) for return of certain property (Court File No. 37). Defendant requests an order requiring the Government to return property he alleges was illegally seized by the Chattanooga Police Department.

After being ordered to do so by the Court (Court File No. 46), the Government filed a response (Court File No. 47). For the following reasons, the Court will **DENY** Defendant's motion for return of property (Court File No. 37).

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

On January 8, 2002, Chattanooga Police Department ("CPD") officers executed a search warrant issued by the General Sessions Court of Hamilton County, Tennessee on Defendant's residence, 1145 East 14th Street, Chattanooga, Tennessee (see Court File No. 19, Exh. 1). Officers seized, among other items, a variety of illegal narcotics, a firearm, and $3,480 in United States currency (*id*.). On January 9, 2002, Defendant was served with a "State of Tennessee Notice of Property Seizure and Forfeiture of Conveyances" indicating $3,480 in United States currency was seized because of its relation to narcotics activity (Court File No. 47, Exh. B). On January 10, 2002,

a "State of Tennessee Drug Asset Forfeiture Warrant" was issued (Court File No. 47, Exh. A). Finally, on April 26, 2002, an Order of Forfeiture was entered by the Tennessee Department of Safety for the $3,480 in United States currency and served upon Defendant (Court File No. 47, Exh. C). The Order of Forfeiture notes "NO PETITION has been filed by any person asserting a claim to, or proof of security interest in" the currency (*id.*). The Order of Forfeiture further allows a party to petition for a stay of the order by filing a petition within seven days of its entry and sets out the appeal procedures if such a petition is denied, including eventual judicial review (*id.*). It appears from the record Defendant did not petition for a stay of the order or otherwise lodge an objection to it.

Defendant was federally indicted on June 25, 2002 on one count of possession with the intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1); one count of possession with the intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Court File No. 2). Defendant was arrested by federal authorities on June 28, 2002 and made an initial appearance on July 1, 2002, after which he was detained.

Defendant filed a motion to suppress the evidence seized in the January 8, 2002 search from 1145 East 14th Street, arguing the search warrant issued by the state court was not supported by probable cause (Court File No. 12). United States Magistrate Judge William B. Carter held a suppression hearing in the matter and issued a report and recommendation ("R&R") the motion be denied (Court File No. 20), to which Defendant did not object. The Court then adopted Magistrate

2

Judge Carter's R&R and denied Defendant's motion to suppress (Court File No. 23).

Defendant pleaded guilty to Count Four of the indictment, the felon-in-possession charge, on December 19, 2002 (Court File No. 31). On April 4, 2003, the Court sentenced Defendant to a term of imprisonment of 211 months (Court File No. 32). Defendant's judgment did not include any forfeiture of United States currency or other property (*see* Court File No. 33). Defendant did not directly appeal his judgment to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), but did file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in part alleging his counsel was ineffective for failing to file a direct appeal (Case No. 1:03-CV-373). The Court granted the portion of his petition alleging his counsel failed to file a direct appeal and dismissed his other claims without prejudice, granting Defendant an out-of-time appeal (*see id.*, Court File No. 17). Defendant filed a notice of appeal on January 12, 2006; that direct appeal remains pending.

**II.     ANALYSIS**

Defendant requests an order requiring the CPD "to mail the Movant his $3,480.00 dollars they illegally confiscated" (Court File No. 37 at 2). Although Defendant does not explicitly state the basis for his motion, the Court presumes he is relying on Fed. R. Crim. P. 41(g) in this request. Defendant argues no criminal or civil forfeiture order was entered in this case, therefore the Government must return the currency to him.

Under Rule 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . ." A motion pursuant to Rule 41(g) is treated as a civil action in equity when, as here, the owner of the property invokes the Rule

after the conclusion of his criminal proceedings. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000).

It appears from the record the property seized was subject to an administrative forfeiture proceeding by the state of Tennessee (*see* Court File No. 47, Exh. A-C). Accordingly, the Court does not retain equitable jurisdiction over Defendant's claim because the currency he seeks has been the subject of an administrative proceeding and he would have had an adequate remedy in the administrative proceeding. *See Linarez v. United States Dep't of Justice*, 2 F.3d 208, 213 (7th Cir. 1993); *see also United States v. Griffin*, 1993 WL 150746, at * 1 (6th Cir. May 10, 1993) (unpublished). Ordinarily, once a civil forfeiture action has begun, the district court loses jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(g) motion, since the claimant has an adequate administrative remedy. *See Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989); Wright, King & Kline, Federal Practice & Procedure (Criminal 3d.) § 673, p. 357. However, a property owner may pursue "collateral due process attacks on administrative forfeitures." *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995); *see also United States v. Campbell*, 3 Fed. Appx. 381.383 (6th Cir. 2001).

Defendant has not argued his due process rights were violated in the administrative proceeding, therefore the Court may not evaluate the one claim over which it has jurisdiction in this proceeding. Even if the Court had jurisdiction over Defendant's more general claims pursuant to Rule 41(g), however, the Court would deny them nonetheless.

First, the Court would note it previously found the search at issue was lawful when it denied Defendant's suppression motion (*see* Court File No. 23). Defendant has not offered any reasons whatsoever why this finding was incorrect, other than merely asserting the property was seized

4

illegally. Therefore, the property was not subject to an "unlawful search and seizure" under Rule 41(g).

Second, the Government in its response notes the search was conducted by the CPD, pursuant to a search warrant issued by a court of the state of Tennessee. Where the federal government never had possession of the property in question, denial of a Rule 41(g) motion is proper. *See United States v. Obi*, 100 Fed. Appx. 498, 499 (6th Cir. 2004) (district court did not abuse discretion in denying Rule 41(g) motion where vehicle was impounded by state police officers and seizure of other property was conducted by state police officers pursuant to a search warrant issued by a Michigan state court). The Government has attached to its response various documents recording the seizure and forfeiture of the property at issue (*see* Court File No. 47, Exh. A, "State of Tennessee Drug Asset Forfeiture Warrant"; Exh. B, "State of Tennessee Notice of Property Seizure and Forfeiture of Conveyances"; Exh. C, "Order of Forfeiture"). These documents support the Government's assertion the property in question was seized and forfeited by the state of Tennessee rather than the federal government or any federal agency.

Because Defendant cannot show the federal government ever actually or constructively possessed the property at issue, his motion also must fail. *See Obi*, 100 Fed. Appx. at 499 (*citing Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)).

### III.   **CONCLUSION**

For all the foregoing reasons, therefore, the Court will **DENY** Defendant's motion for return of property (Court File No. 37).

An Order shall enter.

5

Case 1:02-cr-00086   Document 50   Filed 05/23/06   Page 5 of 6   PageID #: 26

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**